IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARDELL CAMPBELL,**

      **Petitioner,**

**v.**                                    **Civil Action No. 5:10cv129**
                                                      **(Judge Stamp)**

**DR. TAMARA LYN,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On December 1, 2010, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paying the required filing fee. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### I. The Petition

In the petition, the petitioner, a federal inmate, complains of a lack of medical attention and various conditions of his confinement at FCI-Morgantown. As to his medical needs, the plaintiff asserts that he suffers from a hernia condition that the medical staff refuses to treat. He asserts that he suffers pain daily but that he is only provided Motrin or ibuprofen for pain. The plaintiff further asserts that he has been told by medical staff that they will not treat his condition until it worsens. Additionally, the plaintiff contends that he has had to have at least three teeth pulled that could have been saved had he been provided proper dental care.

As to the other aspects of his confinement, the plaintiff complains of the condition of the food he receives. For instance, the plaintiff asserts that the bread he receives is old and out-of-date. He also asserts that he has found foreign objects, such as rocks and staples, in his food. In fact, the

plaintiff asserts that as a result of biting down on a staple in his food, he had to seek medical attention for a cut in his mouth.

For these reasons, the plaintiff seeks compensatory damages, the elimination of his debt to the government and his release from prison.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner complains of the conditions of his confinement. Specifically, his claims relate to the deliberate indifference to serious medical needs and improper or inadequate food preparation. However, these claims do not attack, nor relate in any way, to the execution of the plaintiff's sentence. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Dckt. 1] be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claims as a civil rights action.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party

may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 2, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE