IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARDELL CAMPBELL,

      Petitioner,

v.                                    Civil Action No. 5:10CV129
                                              (STAMP)

DR. TAMARA LYN,

      Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On December 1, 2010, Cardell Campbell, an inmate at FCI Morgantown, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The petitioner asserts he suffers from a hernia condition that the medical staff refuses to treat and that he suffers daily pain, but that he is not provided adequate medicine to treat the pain. He states that medical staff state they will only treat his condition when it worsens. The petitioner also believes that he has had at least three teeth pulled that could have been saved with

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

proper dental care. He also asserts that the bread is old and that he has found various objects such as rocks and staples in his food. He states that one staple in his food required him to seek medical attention for a cut in his mouth. As relief, the petitioner seeks compensatory damages, the elimination of his debt to the government, and release from prison.

The magistrate judge issued a report and recommendation recommending that the petitioner's petition be denied and that this case be dismissed without prejudice to the petitioner's right to re-file his claim as a civil rights action. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner filed an objection. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed

objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## III. <u>Discussion</u>

A § 2241 motion is used to attack the manner in which a sentence is executed. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499-500 (1973). This Court, therefore, agrees with the magistrate judge, that, because the petitioner's claim does not relate to the fact or length of confinement, but instead relates to the conditions of his confinement, the petitioner should have filed a civil rights action rather than a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In his objections, the petitioner cites to <u>Constitutional Rights of Prisoners</u> by John W. Palmer for the proposition that a federal inmate complaining about medical treatment in an institution may utilize either a civil rights action or a habeas corpus action. On page 397 of the ninth edition, Palmer states:

> In <u>Preiser v. Rodriguez</u>, the Supreme Court delineated what constitutes a <u>habeas corpus</u> action as opposed to a § 1983 claim. The prisoner's label cannot control. The essence of <u>habeas corpus</u> is an attack by a person in custody upon the legality of that custody. If a prisoner is not challenging the validity of his or her conviction or the length of his or her detention, such as loss of good-time credits, then a writ of <u>habeas corpus</u> is not the proper remedy. It is the substance of the relief sought that counts. Where a petitioner seeks a writ of <u>habeas corpus</u> and fails to attack the validity of his or her sentence or the length of his or her state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

John W. Palmer, Constitutional Rights of Prisoners § 13.17 (9th ed. 2010).

Accordingly, the petitioner's petition is DENIED and this case is DISMISSED WITHOUT PREJUDICE.

## IV. Conclusion

For the reasons set forth above, this Court finds that, after a de novo review, the magistrate judge's report and recommendation should be and is hereby AFFIRMED and ADOPTED. Accordingly, it is ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 8, 2011


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE